UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ANDREW LEROY ROBERTS,

        Petitioner,

      v.

DON MILLS,

        Respondent.

Case No. 3:10-CV-254-ST

FINDINGS AND RECOMMENDATION

Thomas J. Hester,   Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

        Attorney for Petitioner

John R. Kroger, Attorney General
Andrew Hallman, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying convictions for Rape and sexual Abuse.  For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (docket #7) should be denied.

## BACKGROUND

On May 15, 2007, the Lane County Grand Jury issued a Superseding Indictment charging petitioner with Rape in the First Degree, Incest, Using a Child in a Display of Sexually Explicit Conduct, and seven counts of Sexual Abuse in the First Degree.  Respondent's Exhibit 102.  Petitioner ultimately agreed to enter an *Alford* plea to one count of Rape in the First Degree and three counts of Sexual Abuse in the First Degree.[1]  Respondent's Exhibit 103.  As a result, the trial court sentenced petitioner to 175 months in prison.

Petitioner did not file a direct appeal and instead filed for post-conviction relief ("PCR") in Umatilla County which was denied on all claims.  Respondent's Exhibit 139.  The Oregon Court of Appeals affirmed the lower court's decision without issuing a

---

[1] Pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), a court may accept a guilty plea despite defendant's claims of innocence where the defendant intelligently concludes that his best interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.

2 - FINDINGS AND RECOMMENDATION

written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 143-44.

In this court, petitioner filed his Petition for Writ of Habeas Corpus on March 10, 2010, and an Amended Petition on April 12, 2010, which raises the following single claim of ineffective assistance of counsel:

> I told my attorney I was not guilty and couldn't take a plea saying I was guilty the <u>day</u> we were at the courthouse to pick a jury[.] [H]e said he didn't think I could win so he told me I could take this Alford Plea, which meant I wasn't pleading guilty.

> I don't know everything to write here. I do know that these people have lied and I believe they couldn't have stood by the[ir] stor[ies].

> I was hoping to talk with an attorney to fill this out.

Amended Petition (docket #7), p. 6 (emphasis in original).

Eight days after the filing of the Amended Petition, the court appointed the Federal Public Defender's Office to represent petitioner. With the assistance of appointed counsel, petitioner did not seek to further amend his pleading. Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner's claims are inadequately pleaded; and (2) petitioner failed to fairly present his claims to the Oregon Supreme Court.

///

///

        3 - FINDINGS AND RECOMMENDATION

## FINDINGS

### I.    Adequacy of the Amended Petition

Respondent argues that petitioner raises only a general claim of "Ineffective Trial Counsel" and does not include any specific discussion as to why counsel's advice was deficient.  Petitioner has not responded to this argument in any way.

The court liberally construes the *pro se* Amended Petition to state a Sixth Amendment claim of ineffective assistance of counsel based upon counsel's alleged failure to provide petitioner with timely, accurate advice to ensure that he knowingly, voluntarily, and intelligently entered his *Alford* plea.[2]  Consequently, the court should not dismiss the Amended Petition solely based on its lack of specificity.

### II. Exhaustion and Procedural Default

#### A.    Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to

_____

[2]  Because this is the only claim raised by the Amended Petition, it is the only claim eligible for the court's consideration.  *See* Rule 2(c) of the Rules Governing Section 2254 Cases (requiring habeas petition to "specify all the grounds for relief which are available to the petitioner").  Any other grounds argued within the supporting memorandum cannot be considered.

4 - FINDINGS AND RECOMMENDATION

the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'"  *Casey v. Moore,* 386 F.3d 896, 915-16 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)).  If a habeas petitioner failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and, therefore, are not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A habeas petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule or failed to raise the claim at the state level at all.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  If a claim is procedurally defaulted, a federal court will not review that claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court or makes a colorable showing of actual innocence.  *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

///

///

///

5 - FINDINGS AND RECOMMENDATION

B.    **Analysis**

Petitioner's PCR Petition alleged that his "guilty pleas were not knowingly, voluntarily and intelligently entered as a result of Petitioner's trial counsel misleading and coercing Petitioner and depriving him of his right to make a free and voluntary choice to enter the guilty pleas. . . ." Respondent's Exhibit 105, p. 4. This essentially mirrors the claim presented here in the Amended Petition.

On appeal, petitioner's counsel submitted an Appellant's Brief pursuant to *State v. Balfour*, 311 Or. 434, 814 P.2d 1069 (1991). The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous or non-meritorious issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the [appellate] court of the jurisdictional basis for the appeal." *Id* at 451. The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *Id* at 451-52. With respect to Section B:

> Counsel shall provide the client with appropriate legal advice on these claims of error, but shall present to the court in the brief the issue that the client seeks to raise in the manner that the client seeks to raise it. In so doing, counsel's role is limited to attempt to see to it that the client states the issues and arguments in proper appellate brief form and the brief is timely filed.

*Id* at 452.

6 - FINDINGS AND RECOMMENDATION

Petitioner's appellate counsel filed Section A of the Appellant's Brief in which she: (1) identified the jurisdictional basis for the appeal; (2) set out the factual summary of the case; and (3) informed the appellate court that she had discussed the case with both trial counsel and petitioner. She also certified that she was unable to identify any arguably meritorious issues for appeal and further represented that her "[c]lient has chosen not to submit a Section B on his own behalf." Respondent's Exhibit 140, pp. 3-4. She also attached a copy of petitioner's PCR Petition to the Appellant's Brief. By virtue of that attachment, petitioner argues that all of the claims in his PCR Petition were properly before the Oregon Court of Appeals for review.

In *Farmer v. Baldwin*, 346 Or. 67, 205 P.2d 871 (2009), the Oregon Supreme Court considered whether a petitioner properly presents claims to the Oregon Court of Appeals by attaching a copy of his PCR petition as Section B of his *Balfour* brief. The Oregon Supreme Court determined that this method was sufficient to present all of the claims within the PCR Petition for appellate review. *Id* at 80.

In contrast to the situation in *Farmer*, petitioner did not attempt to submit any Section B in his Appellant's Brief. While his appellate attorney attached a copy of the PCR Petition to the Appellant's Brief as an excerpt of record, she clearly did not intend to raise those claims. She had already certified to the

Oregon Court of Appeals that all of petitioner's claims lacked merit, and she filed the Appellant's Brief pursuant to *Balfour* because she felt ethical rules prohibited her from raising petitioner's claims. Respondent's Exhibit 140.

Because petitioner did not include a Section B within his Appellant's Brief, he failed to fairly present any claim to the Oregon Court of Appeals. This failed to preserve any claim for further review by the Oregon Supreme Court. Because the time for presenting petitioner's ineffective assistance of counsel claim to Oregon's appellate courts passed long ago, the claim is procedurally defaulted.

### C.    **Excuse for Default**

Petitioner argues that because Oregon's *Balfour* procedure, as applied to his case, constitutes an ineffective state corrective process to protect his rights, exhaustion should be excused altogether pursuant to 28 U.S.C. § 2254(b)(1)(B). Specifically, he argues that his appellate attorney failed to adequately comply with all of the requirements of *Balfour*, which prejudiced his PCR appeal.

It appears as though appellate counsel did, in fact, comply with the requirements of *Balfour*. But even assuming counsel did not fully comply with *Balfour's* requirements, and further assuming such a failure prejudiced petitioner's appeal, this is not sufficient to excuse the default. There was clearly an effective

8 - FINDINGS AND RECOMMENDATION

state court process by which to challenge petitioner's convictions. Thus, 28 U.S.C. § 2254(b)(1)(B) is not implicated. Petitioner's argument is more accurately categorized as one of cause and prejudice based on attorney error.

The Supreme Court has held that while constitutionally ineffective assistance of counsel may constitute cause sufficient to excuse a procedural default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), there is no constitutional right to an attorney in state post-conviction relief proceedings. Thus there can be no cause of action for ineffective assistance of post-conviction relief counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 553 (1987). Accordingly, petitioner is unable to excuse his default.

<u>**RECOMMENDATION**</u>

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #7) should be DENIED and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

///

///

///

///

9 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due February 3, 2012.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 17th day of January, 2012.

s/   Janice M. Stewart

Janice M. Stewart
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION