IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANDREW LEROY ROBERTS,**

       Petitioner,

       v.                                                                           No. 3:10-cv-254-ST
                                                                                           OPINION AND ORDER

**DON MILLS,**

       Respondent.

Thomas J. Hester
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
       Attorney for Petitioner

John Kroger
Attorney General
Andrew D. Hallman
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, NE
Salem, Oregon 97301
       Attorneys for Respondent

Opinion and Order, Page 1

**SIMON, District Judge.**

On January 17, 2012, the Honorable Janice Stewart, United States Magistrate Judge, filed Findings and Recommendation ("F & R") (Doc. # 40).  The matter is now before me pursuant to the Magistrates Act, 28 U.S.C. § 636(b)(1)(B), and Rule 72(b) of the Federal Rules of Civil Procedure. Under the Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*; Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall,* 561 F.3d 930, 932 (9th Cir. 2009). De novo review means that the court "considers the matter anew, as if no decision had been rendered." *Dawson,* 561 F.3d at 933.

Petitioner has filed timely objections to Judge Stewart's recommendation that his Amended Petition for Writ of Habeas Corpus (Doc. # 7) be denied, the case dismissed with prejudice, and a Certificate of Appealability not be issued. After de novo review, I adopt the F & R.

Petitioner objects to Judge Stewart's conclusion that Petitioner procedurally defaulted by not including a Part B to his brief submitted pursuant to *State v. Balfour,* 311 Or. 434, 814 P.2d 1069 (1991). Petitioner argues that requiring him to submit a second copy of the post-conviction relief ("PCR") petition as Part B of his *Balfour* brief, when the PCR petition had already been submitted with Part A, would be pointless. The court finds the argument unpersuasive because Part A of the *Balfour* brief does not fairly present any claim to the Oregon Court of Appeals; consequently, counsel's attachment of the PCR petition to Part A was never intended to

constitute Part B of the *Balfour* brief. I therefore agree with Judge Stewart that Petitioner failed to exhaust his state remedies.

The court ADOPTS the F & R [40]. This case is dismissed with prejudice. The court declines to issue a Certificate of Appealability on the ground that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 22nd day of March, 2012.

      /s/ Michael H. Simon
      Michael H. Simon
      United States District Judge